UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

In re Charles R. Livecchi, Sr.,

                               Debtor.

DECISION AND ORDER
Case No. 6:10-MC-6044

Bankruptcy Case No.
09-20897

_____

## INTRODUCTION

Appellant Charles R. Livecchi, Sr., proceeding *pro se*, commenced the instant action to appeal an Order (Bankruptcy Case No. 09-20897-JCN, Bankruptcy Docket No. [#146]) of the Honorable John C. Ninfo, II, United States Bankruptcy Judge, which converted Appellant's Chapter 11 case to Chapter 7. Now before the Court is an *ex parte* application by Appellant, entitled "Emergency Application For Stay Order Pending Appeal, and Order for Cease and Desist and Application for Temporary Restraining Order and Other Injunctive Relief."

## LEGAL STANDARD

"Federal Rule of Bankruptcy Procedure 8005 sets forth the procedure by which a party to a bankruptcy action may seek a stay pending an appeal to the district court of a bankruptcy judge's order." *In re Savage & Associates, P.C.*, No. 05 Civ.2072(SAS), 2005 WL 488643 at *1 (S.D.N.Y. Feb. 28, 2005) (footnote omitted). The standard to be applied by a district court on such a motion is as follows:

> The decision as to whether to issue a stay of an order pending appeal lies within the sound discretion of the district court. Four factors are considered in exercising that discretion: (1) whether the movant will suffer

1

irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected.

In re Adelphia Communications Corp., 361 B.R. 337, 346 (S.D.N.Y. 2007) (footnotes, citations, and internal quotation marks omitted); see also, id. (Noting that courts must balance these factors.) (Footnotes and citations omitted).

Bankruptcy Appeals are governed by Part VIII of the Bankruptcy Rules. Bankruptcy Rule 8011, entitled "Motions," states, in pertinent part:

> A request for an order or other relief shall be made by filing with the clerk of the district court or the clerk of the bankruptcy appellate panel a motion for such order or relief *with proof of service on all other parties to the appeal*.
>
> \*\*\*
>
> Whenever a movant requests expedited action on a motion on the ground that, to avoid irreparable harm, relief is needed in less time than would normally be required for the district court or bankruptcy appellate panel to receive and consider a response, the word "Emergency" shall precede the title of the motion. *The motion shall be accompanied by an affidavit setting forth the nature of the emergency.* The motion shall state whether all grounds advanced in support thereof were submitted to the bankruptcy judge and, if any grounds relied on were not submitted, why the motion should not be remanded to the bankruptcy judge for reconsideration. *The motion shall include the office addresses and telephone numbers of moving and opposing counsel and shall be served pursuant to Rule 8008. Prior to filing the motion, the movant shall make every practicable effort to notify opposing counsel in time for counsel to respond to the motion. The affidavit accompanying the motion shall also state when and how opposing counsel was notified or if opposing counsel was not notified why it was not practicable to do so.*

Fed R. Bank. 8011(a)&(d) (emphasis added). Rule 8008(b), entitled "Service of all papers required," states: "*Copies of all papers filed by any party* and not required by these rules to be served by the clerk of the district court or the clerk of the bankruptcy

2

appellate panel *shall, at or before the time of filing, be served by the party or a person acting for the party on all other parties to the appeal*. Service on a party represented by counsel shall be made on counsel." (emphasis added).

BACKGROUND

The following facts are gleaned mainly from the Court's review of the docket sheet in Bankruptcy Case No. 09-20897, and documents referenced therein. On April 8, 2009, Appellant filed a voluntary Chapter 11 petition. On January 21, 2010, the United States Trustee filed a motion to convert the case to Chapter 7. Generally, the United States Trustee alleged that Appellant was not pursuing a realistic Chapter 11 plan, because, although Appellant claimed to own real estate worth over $3 million, he was not proposing to sell any of that property to pay his creditors. Instead, the United States Trustee maintained, Appellant was proposing to pay his creditors from speculative recoveries in certain lawsuits. For example, Appellant is pursuing legal action against the City of Grand Prairie, Texas, concerning a rental property that he owns in that city, known as the Barrington Apartments. Appellant also indicated that he intended to sue one of his former attorneys for legal malpractice. Plaintiff further indicated that he was appealing a judgment against him, in the amount of approximately $1.2 million, by the United States of America. *See, United States of America v. Livecchi*, 03-CV-6451 MWP. Subsequently, the United States of America, the City of Grand Prairie, and HSBC Bank all filed papers in support of the motion to convert the case from Chapter 11 to Chapter 7.

It appears that Appellant responded to the motion by indicating that he was, in

fact, willing to sell certain property. However, Appellant's creditors, after examining him, informed the Bankruptcy Court that Appellant was not serious about selling his property. On September 21, 2010, Judge Ninfo issued an Order [#146] converting the case to Chapter 7. Judge Ninfo's Order referenced the fact that his decision was based on submissions by the United States Trustee, the City of Grand Prairie, the United States of America on behalf of HUD, and HSBC Bank.

Subsequently, Judge Ninfo granted permission to the Chapter 7 Trustee to manage the estate's rental properties, including the Barrington Apartments.

On October 29, 2010, Appellant filed the subject "emergency application" for a stay pending appeal. Attached to the application is a "Certificate of Services," indicating that Appellant mailed a copy of the application to the Office of the United States Trustee on October 29, 2010. However, on November 4, 2010, a member of the Court's staff telephoned the Office of the United States Attorney, and spoke with Michael Powers, Esq., who, after consulting with members of his office, indicated that the United States Trustee had not received Appellant's application. Appellant does not claim to have served the application on the City of Grand Prairie, the United States, HSBC Bank, or the Chapter 7 Trustee.

The application does not comply with the requirements of Bankruptcy Rule 8011 in various other respects. For example, Appellant has not submitted an affidavit explaining the nature of the emergency, he has not indicated that he attempted to notify his opponents of the application prior to filing it with the Court, and he has not offered any reason why it would have been impossible or impracticable to give such notice.

Appellant maintains that he is likely to succeed on his appeal, essentially because the United States Trustee obtained the order by fraud, by misrepresenting to Judge Ninfo what occurred during an examination of the debtor, conducted pursuant to Bankruptcy Rule 2004 ("the 2004 Exam."). Specifically, Appellant contends that during the 2004 Exam, he offered to sell the Barrington Apartments to the City of Grand Prairie for $5 million. As to that, Appellant states that the Barrington Apartments is worth approximately $3.5 million, and the balance of the $5 million apparently represents damages that Appellant is seeking from the City of Grand Prairie in connection with the aforementioned lawsuit. According to Appellant, the attorney for the City of Grand Prairie, who was present at the 2004 meeting, indicated that he would convey the settlement offer to his client. Nevertheless, in a document submitted by the City of Grand Prairie in support of the application to convert the action to Chapter 7, the City of Grand Prairie called the offer "preposterous." (Bankruptcy Docket No. [#191]). Appellant also contends that Judge Ninfo erred, by interrupting Appellant's attorney and preventing him from making arguments.

Appellant indicates that Judge Ninfo's order granting the Chapter 7 Trustee power to manage the estate rental properties may cause irreparable harm, since, if the Chapter 7 Trustee decides to "shut down the property," it will "cause irreparabl[e] harm to the value of the estate, the creditors and low income tenants including Section 8 tenant and violate Sherrie Livecchi her right [sic] to the assets of the estate." (Application at p. 4). Appellant argues that Sherrie Livecchi, his wife, should be allowed to continue managing the property, which she has done for over fifteen years.

5

Appellant also argues that he may be harmed in other ways, since, for example, the Chapter 7 Trustee may not properly pursue Appellant's various legal claims, due to the fact that he does not have "full knowledge" of the claims. Appellant also contends that the payment of fees to the Chapter 7 Trustee for his services will harm creditors. In short, Appellant contends that he and/or his wife should be permitted to manage the rental properties, since they are already experienced in doing so, and that he should be permitted to prosecute his legal claims, since he is the person most knowledgeable about them.

Having considered all of the foregoing facts and legal principles, the Court finds that Appellant has not made the necessary showing to obtain the *ex parte* temporary restraining order that he seeks.

## CONCLUSION

Plaintiff's ex parte application for a temporary restraining order is denied.

SO ORDERED.

DATED: Rochester, New York
November 4, 2010

                                       /s/ Charles J. Siragusa
                                       Charles J. Siragusa
                                       United States District Judge